supervisory jurisdiction at this time. In the event of an adverse judgment in the trial court applicant's remedy is by appeal.

BARHAM, J., concurs in the denial on the ground that relator should have applied to the Court of Appeal. That Court may consider and act to review this interlocutory order upon a finding of palpable error and irreparable injury. Relator's remedy is by application to the proper court for relief and we cannot here deny that jurisdiction which is vested in the Court of Appeal.

■

256 So.2d 640

**STATE of Louisiana**

**v.**

**Leon S. POIRIER.**

**No. 52115.**

Feb. 3, 1972.

In re: State of Louisiana applying for writs of certiorari, prohibition and mandamus.

Writ refused. The ruling complained of is correct.

256 So.2d 640

**STATE of Louisiana ex rel. Leon Arthur RACINE**

**v.**

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al.**

**No. 52111.**

Feb. 3, 1972.

In re: Leon Arthur Racine applying for writs of certiorari, prohibition, mandamus and habeas corpus.

Application denied; the record before us does not warrant the exercise of our jurisdiction.